[821 NYS2d 680]

In the Matter of TIMOTHY G. BAX, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 7, 2006

## APPEARANCES OF COUNSEL

*Susan M. Eagan, Principal Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Terrence M. Connors*, Buffalo, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 22, 1985, and formerly maintained an office for the practice of law in Niagara Falls. By order entered March 3, 2004 (5 AD3d 1127 [2004]), this Court granted the motion of the Grievance Committee pursuant to 22 NYCRR 1022.20 (e) to suspend respondent as an immediate threat to the public interest on the ground that there was uncontroverted evidence that he had converted clients' funds to support his addiction to heroin. The Grievance Committee thereafter filed a petition charging respondent with acts of misconduct, including conversion of client funds, engaging in illegal conduct and neglect of client matters. Respondent filed an answer, declining to admit or deny the allegations of the petition and invoking his Fifth Amendment right against self-incrimination. A referee was appointed to conduct a hearing. Prior to the hearing, the parties entered into a stipulation resolving outstanding issues of fact. The Referee filed a report adopting the facts in the stipulation as his findings of fact, and the Grievance Committee moves to confirm the Referee's report.

The stipulated facts establish that, in order to support his addiction to heroin, respondent converted client funds, wrongfully withheld a realtor's commission, and accepted fees from clients for whom he performed no work. In addition, two checks drawn on respondent's attorney trust account were dishonored for insufficient funds. When asked for a written explanation, respondent provided to the Grievance Committee a letter, purportedly from a bank vice-president, stating that there had been a bank error. In fact, respondent had fabricated the letter. Additionally, respondent was unable to comply with the Grievance Committee's request for his trust account records because he had not kept records. Finally, respondent failed to reregister as an attorney and failed to pay his biennial fee for the years 2003 and 2004.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer;

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 7-101 (a) (2) (22 NYCRR 1200.32 [a] [2])—intentionally failing to carry out a contract of employment entered into with a client for professional services;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating client funds;

DR 9-102 (d) (22 NYCRR 1200.46 [d])—failing to maintain required records of bank accounts; and

DR 9-102 (i) and (j) (22 NYCRR 1200.46 [i], [j])—failing to make available to the Grievance Committee financial records required to be maintained by the disciplinary rules.

In addition, respondent violated Judiciary Law § 468-a and 22 NYCRR 118.1 by failing to reregister as an attorney and to pay his biennial fee for the years 2003 and 2004.

We have considered in mitigation that respondent's misconduct occurred while respondent was addicted to heroin. Prior to that addiction, respondent was a successful attorney and a respected member of the community, and he has been drug and alcohol free for nearly three years. Respondent has expressed remorse for his misconduct, and he has made full restitution. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for a period of two years, effective immediately, and until further order of the Court.

PIGOTT, JR., P.J., HURLBUTT, KEHOE and SMITH, JJ., concur.

Final order of suspension entered.